UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGE JENKINS, an individual,<br><br>               *Plaintiff*,<br><br>     v.<br><br>PUCKETT AND REDFORD PLLC,<br>RANDY REDFORD,<br>RYAN WEATHERSTONE,<br>LAUREN NOVACK, and GLEIBERMAN<br>PROPERTIES, INC.,<br><br>               *Defendants*. | CASE NO. 2:19-cv-01550-BJR<br><br>ORDER GRANTING IN PART AND<br>DENYING IN PART DEFENDANTS<br>PUCKETT AND REDFORD PLLC,<br>RANDY REDFORD, RYAN<br>WEATHERSTONE, AND LAUREN<br>NOVACK'S MOTION TO DISMISS<br>AND GRANTING IN PART AND<br>DENYING IN PART DEFENDANT<br>GLEIBERMAN PROPERTIES, INC.'S<br>MOTION TO DISMISS |

## I.    INTRODUCTION

Before the Court are two Motions to Dismiss this action involving Plaintiff George Jenkins' eviction from an apartment in Woodinville, Washington. The first is submitted by the law firm of Puckett and Redford PLLC ("Puckett & Redford")[1] and three of its attorneys, Randy Redford, Ryan Weatherstone, and Lauren Novack ("Attorney Defendants"). Dkt. No. 32. The second is submitted by Gleiberman Properties, Inc. ("Gleiberman Properties"). Dkt. No. 35. Having reviewed the motions, the oppositions thereto, the record of the case, and the relevant legal

---

[1] Although Defendant Puckett & Redford join in bringing the Motion to Dismiss, the motion itself is directed toward dismissal of the three named Attorney Defendants and seeks no relief as to Puckett & Redford.

1

authorities, the Court will grant Puckett & Redford and Attorney Defendants' motion as it pertains to Defendant Novack, grant in part and deny in part their motion as it pertains to Defendants Redford and Weatherstone, and grant in part and deny in part Gleiberman Properties' motion.[2] The Court will also *sua sponte* dismiss several of Plaintiff's claims against Defendants Redford and Weatherstone. The reasoning for the Court's decision follows.

## II.   BACKGROUND

### A. Factual Background

This matter involves the eviction of Plaintiff from the apartment he rented from Gleiberman Properties. Dkt. No. 28 at ¶¶ 7, 10–16. Many of the underlying facts are not in dispute. Plaintiff resided at the apartment from February 2016 to August 2018 along with his co-tenant Marjorie Drieu. *Id.* at ¶¶ 7, 9; Dkt. No. 35 at 2. Plaintiff and Ms. Drieu had a falling out. On August 1, 2018, Plaintiff was arrested for an unspecified offense against Ms. Drieu, after which she obtained a no-contact order preventing Plaintiff from coming within 1,000 feet of the apartment. Dkt. No. 28 at ¶ 8. As a result, Plaintiff moved out and avers he no longer treated the apartment as his primary residence. *Id.* at ¶¶ 8–9. Plaintiff contacted Gleiberman Properties, informed the company that he no longer lived at the apartment, and provided it with a copy of the no-contact order. *Id.* at ¶ 9. Plaintiff also claims Gleiberman Properties was aware he suffered from a mental or psychological disability and a substance abuse disability. *Id.* at ¶ 17. While Plaintiff claims that

---

[2] Both Plaintiff and Gleiberman Properties have requested oral argument. The Court concludes that oral argument would not aid the disposition of Gleiberman Properties' motion and will rule on the pending motions on the papers. *See* Local Rules W.D. Wash. LCR 7(b)(4) ("Unless otherwise ordered by the court, all motions will be decided by the court without oral argument.").

his actions are impaired by the disability, he has not described this disability, nor does he contend that his disability actually prevented him from communicating with Gleiberman Properties. *Id.*

After Plaintiff moved out of the apartment, Gleiberman Properties began eviction proceedings. *Id.* at ¶¶ 10–12. As grounds for the eviction, Gleiberman Properties claims Plaintiff and Ms. Drieu were late on rent and that it discovered illegal activity was being conducted in the apartment in violation of the lease agreement. Dkt. No. 35 at 3. It is uncontested that Plaintiff stopped paying rent in July 2018 and failed to pay rent thereafter. *See id*. To institute the eviction, Gleiberman Properties engaged the law firm of Puckett & Redford, which, according to Plaintiff, devotes the entirety of its practice to the representation of landlords including evictions and actions for unpaid rent. Dkt. No. 28 at ¶ 19.

To initiate the eviction, Gleiberman Properties claims it delivered notice to Plaintiff at the apartment itself. Dkt. No. 35 at 3. When neither Plaintiff nor Ms. Drieu responded to the notice, Gleiberman Properties posted a three-day notice to vacate on the apartment door and mailed a copy to the apartment's address. *Id.* at 2–3; Dkt. No. 28 at ¶ 11. After three days, Gleiberman Properties, through Puckett & Redford, obtained a default judgment from King County Court for back rent. Dkt. No. 28 at ¶ 15; Dkt. No. 35 at 3–4. Based on that judgment, Gleiberman Properties took possession of the apartment and had the King County Sheriff execute a writ of restitution. Dkt. No. 28 at ¶ 16; Dkt. No. 35 at 3–4. Plaintiff's remaining belongings were moved to the building's parking lot. Dkt. No. 28 at ¶ 16; Dkt. No. 35 at 4. Plaintiff does not dispute that he received a call from the King County Sheriff's Office advising him that his property had been removed to the parking lot and that he needed to retrieve the items. Dkt. No. 35 at 8; Dkt. No 40; Dkt. No. 42 at 5. The belongings were guarded by the Sheriff for a period of time and Gleiberman Properties then kept watch over the belongings for a number of days before disposing of them. Dkt. No. 28

at ¶ 16; Dkt. No. 35 at 4. Plaintiff did not contact Gleiberman Properties to request that it store his property. Dkt. No. 35 at 8. Nor did Plaintiff pick up the property. Dkt. No. 28 at ¶ 17. Plaintiff claims he lost approximately $50,000 worth of personal property. *Id.* at ¶ 18.

**B. Procedural Background**

On September 26, 2019, Plaintiff filed suit in this Court claiming federal question and supplemental jurisdiction. Dkt. No. 1. Plaintiff's Amended Complaint names both Gleiberman Properties and Puckett & Redford PLLC as defendants as well as the three Attorney Defendants. Dkt. No. 28. Not every defendant, however, is named in each of the Amended Complaint's seven causes of action, which allege violations of (I) the Washington Collection Agency Act, RCW § 19.16 ("WCAA"), in itself and as a *per se* violation of the Washington Consumer Protection Act, RCW § 19.86 ("WCPA"); (II) WCPA, RCW § 19.86 *et seq.* ("unfair practices"); (III) Fair Debt Collection Practices Act, 15 U.S.C. § 1692a *et seq.* ("FDCPA");[3] (IV) Trespass; (V) Conversion;[4] (VI) Conversion; and (VII) Washington's Residential Landlord-Tenant Act, RCW § 59.18.312 ("RLTA"). Dkt. No. 28 at ¶¶ 35–94.

The law firm of Puckett & Redford PLLC is named in Claim I (WCAA as a *per se* violation of WCPA), Claim II (WCPA unfair practices), Claim III (FDCPA), Claim IV (Trespass), Claim VI (Conversion), and Claim VII (RLTA); the Attorney Defendants are named in Claim I (WCAA

---

[3] Plaintiff alleges Puckett & Redford violated Sections 1692d, 1692e, 1692f, and 1692g of the FDCPA. Dkt. No. 28 at ¶¶ 72–86. While Plaintiff also alleges violations of Section 1692g in the Amended Complaint, the actual language he cites to support those claims indicates that Plaintiff actually meant Section 1692f. *See id.* at ¶¶ 82–85. Thus, the Court will disregard Plaintiff's Section 1692g claim.

[4] Plaintiff titles this claim fifth claim for relief "conversion" but alleges trespass in the text of his claim, replicating nearly the exact language of fourth claim for trespass. Dkt. No. 28 at ¶¶ 87–90. The Court assumes this duplication was made in error and will disregard the fifth claim. As this is the second such error in Plaintiff's Amended Complaint, *see supra* at 4 n.3, the Court urges Plaintiff to be more careful in the future.

4

as a *per se* violation of WCPA), Claim II (WCPA unfair practices), Claim III (FDCPA), Claim IV (Trespass), Claim VI (Conversion), and Claim VII (RLTA); and Gleiberman Properties is named in Claim II (WCPA unfair practices), Claim IV (Trespass), Claim VI (Conversion), and Claim VII (RLTA).  *Id.*

On May 7, 2020, Puckett & Redford and the Attorney Defendants jointly filed a motion to dismiss pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(5) and FRCP 12(b)(6).  Dkt. No. 32.  The motion, however, seeks only to dismiss the claims against the Attorney Defendants, not the law firm itself.  *Id.*  The motion advances two grounds for dismissal.  First, under FRCP 12(b)(5), the Attorney Defendants argue the claims against Defendant Novack should be dismissed because Plaintiff failed to properly serve her.  *Id.* at 3–8.  Second, under FRCP 12(b)(6), the Attorney Defendants argue that dismissal as to all three Attorney Defendants is appropriate for lack of individual liability.  *Id.* at 8–10.

On May 8, 2020, Gleiberman Properties filed a motion to dismiss all claims against it pursuant to FRCP 12(b)(6), arguing Plaintiff fails to state a claim because, broadly, Gleiberman Properties fully complied with the necessary eviction procedures under Washington law.  Dkt. No. 35.

### III.   DEFENDANT NOVACK'S MOTION TO DISMISS

**A. FRCP 12(b)(5) Motion to Dismiss Legal Standard**

Under FRCP 12(b)(5), a district court must dismiss an action where service of process is insufficient.  FED. R. CIV. P. 12(b)(5).  Once a defendant moves to dismiss a complaint for insufficient service of process, the plaintiff has the burden of establishing valid service under FRCP 4.  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

FRCP 4 is "a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (quoting *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)). However, "actual notice" alone provides no personal jurisdiction "without substantial compliance with Rule 4." *SEC v. Ross*, 504 F.3d 1130, 1140 (9th Cir. 2007); *see also Direct Mail*, 840 F.2d at 688.

FRCP 4(m) reads:

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

As the language of FRCP 4 makes clear, a court must grant an extension when a plaintiff can show good cause but, if a plaintiff cannot show good cause, the Court may exercise its discretion to either dismiss the action or extend time for service. FED. R. CIV. P. 4(m); *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). In exercising its discretion to extend a service deadline absent good cause, the court considers factors including "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw*, 473 F.3d at 1041 (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

**B. Analysis**

Plaintiff concedes he has failed to serve Defendant Novack within 90 days and that he does not have good cause for failing to do so. *See* Dkt. No. 39 at 2–3. As such, the only question is whether the Court should exercise its discretion to excuse these failures. Plaintiff asks the court to extend time for service because Defendant Novack is aware of Plaintiff's claims and has

appeared in these proceedings through counsel. *Id.* Defendant Novack argues the Court should not extend time for service because Plaintiff has not ever served her. Dkt. No. 32 at 5.

After weighing the considerations listed *supra*, the Court finds that an extension of time to serve Defendant Novack is not warranted. *See Efaw*, 473 F.3d at 1041 (quoting *Troxell,* 160 F.3d at 383). Plaintiff has not been diligent in serving Defendant Novack, as demonstrated by the fact that *he has still not done so*. *See Freeman v. City of Seattle*, No. 07-cv-0904, 2008 WL 4620211, at *3 (W.D. Wash. Oct. 17, 2008) (emphasizing that continued failure of service and lack of diligence weigh against extending time for service). Nor has Plaintiff provided any justification for his failure to serve Defendant Novack. *See* Dkt. No. 39. Plaintiff argues he will be prejudiced by dismissal of this claim because he would have to separately file his state law claims against Defendant Novack in state court. Dkt. No. 39 at 3–4. This consideration is outweighed by prejudice to Defendant Novack by Plaintiff's prolonged delay and continued failure to serve. *See Efaw*, 473 F.3d at 1041. The Court thus finds dismissal without prejudice appropriate.[5]

### IV. GLEIBERMAN PROPERTIES AND ATTORNEY DEFENDANTS' MOTIONS TO DISMISS

#### A. FRCP 12(b)(6) Motion to Dismiss Legal Standard

FRCP 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," which means that the plaintiff must plead "factual content that allows the

---

[5] Defendant Novack argues dismissal should be with prejudice. Dkt. No. 32 at 6. Dismissal without prejudice, however, is appropriate when, as here, the Court determines a plaintiff's untimely service of process should not be excused. *United States v. 2,164 Watches, More or Less, Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004) ("A dismissal for untimely service is required to be a dismissal without prejudice.").

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).  Under FRCP 12(b)(6), dismissal can be granted "based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

When considering a motion to dismiss, the Court construes the complaint in the light most favorable to the non-moving party, accepting all well-pleaded facts as true and drawing all reasonable inferences in the non-moving party's favor.  *See Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1104 (9th Cir. 2020).  The Court, however, is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Overall, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

**B. Gleiberman Properties' Motion to Dismiss**

Gleiberman Properties' Motion to Dismiss presents several procedural arguments, which may be easily resolved.[6,7]  Moving to the merits of the motion, Gleiberman Properties challenges each of the three causes of action in which it is named.

---

[6] Both parties argue that the opposing party failed to comply with this Court's Standing Order (Dkt. No. 4).  Plaintiff argues that Gleiberman Properties did not confer prior to the filing of a motion to dismiss.  Dkt. No. 40 at 17.  However, the parties did confer regarding potential FRCP 12(b) motions during their conference on April 9, 2020.  *See* Dkt. No. 26 at 4.  Although there are some formatting issues with the certificate of conferral, they are minor and the Court will excuse the noncompliance.  Gleiberman Properties, in turn, argues that Plaintiff's Response (Dkt. No. 40) exceeded the 15-page limit.  Dkt. No. 42 at 2.  The Court will excuse this noncompliance as well in the name of efficiency as it can rule on the current motion as is.  In the future, the Court urges both parties to strictly observe the Court's Standing Order as further noncompliance may lead the Court to summarily strike noncompliant pleadings.

[7] Plaintiff argues that Gleiberman Properties' motion improperly relies on a factual declaration from Valorae Dorman, who is a Community Manager employed by Gleiberman Properties.  Dkt. No. 37 at 1; Dkt. No. 40 at 1.

8

     1. *WCPA Unfair Practices*

First, Gleiberman Properties moves to dismiss Plaintiff's Claim II (WCPA unfair practices) by arguing that its eviction of Plaintiff was procedurally proper. *See* Dkt. No. 35 at 5–6; Dkt. No. 42 at 4–5. The WCPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." WASH. REV. CODE § 19.86.020. To establish a prima facie violation of the WCPA, a plaintiff must demonstrate: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986) (en banc). In his Amended Complaint, Plaintiff claims that Gleiberman Properties engaged in unfair or deceptive acts by (1) obtaining a default judgment without proper service and (2) improperly disposing of his property. Dkt. No. 28 at ¶¶ 61, 66; *see also* Dkt. No. 28 at ¶¶ 17(1)–(6).

     a. *Improper Service*

Gleiberman Properties seeks to dismiss Plaintiff's WCPA claim that alleges improper service. Dkt. No. 35 at 5. Gleiberman Properties argues that service of process was proper as evidenced by the Superior Court's entry of default judgment and, therefore, Plaintiff has failed to show an unfair or deceptive practice. Dkt. No. 35 at 5–6; Dkt. No. 42 at 5. Plaintiff responds that

---

Gleiberman Properties submits that the Court "does not need to consider the Declaration of Ms. Va[lorae] Dor[man] to conclude that Gleiberman Properties followed the law and proper[l]y evicted Plaintiff." Dkt. No. 42 at 6. When ruling on a FRCP12(b)(6) motion to dismiss, a district court generally "may not consider any material beyond the pleadings," unless the Court converts the FRCP 12(b)(6) motion into a FRCP 56 motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)). Since Gleiberman Properties has conceded that the Declaration need not be considered, the Court will forgo consideration of these materials for the purpose of this Order.

service of process was improper and that this Court should, therefore, overturn the state default judgment. Dkt. No. 40 at 10–11.

This Court holds that review of the Superior Court's default judgment would violate the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "A challenge under the *Rooker-Feldman* doctrine is a challenge for lack of subject-matter jurisdiction and may be raised . . . *sua sponte* by the court." *Fleming v. Gordon & Wong Law Grp., P.C.*, 723 F. Supp. 2d 1219, 1222 (N.D. Cal. 2010) (citing *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998)).

Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review final state court judgments. *See Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir.2007) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983); *Exxon Mobil*, 544 U.S. at 283–84). A federal court must refuse to hear a *de facto* appeal from a state court decision and forgo any issue raised in the federal suit that is "inextricably intertwined" with an issue resolved by the state court in its judicial decision. *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003) (quoting *Feldman*, 460 U.S. at 483 n.16). This doctrine is "confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284.

Two cases in other districts mirror the claims here and have come to the same conclusion. In *Williams v. Cavalry Portfolios Servs., LLC*, the plaintiff contended that the defendant violated the FDCPA and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") by failing to properly serve him in state court and obtaining a default judgment thereafter. *See Williams v. Cavalry Portfolios Servs., LLC*, No. 10-cv-00255, 2010 WL 2889656, at *1 (C.D. Cal. July 20,

2010). The court in *Williams* held that the plaintiff's claims were precluded by the *Rooker-Feldman* doctrine, reasoning that the plaintiff's claims "hinge[] on . . . whether Plaintiff was properly served in state court," and that "[f]or this Court to exercise jurisdiction over these claims would be to review and undermine the state-court judgment." *Id.* at *3.

In *Bryant v. Gordon & Wong Law Grp., P.C.*, the plaintiff also based his FDCPA and RFDCPA claims on the fact that defendant failed to properly serve him in state court and subsequently obtained a default judgment against him. *See Bryant v. Gordon & Wong Law Grp., P.C.*, 681 F. Supp. 2d 1205, 1206–07 (E.D. Cal. 2010). The court in *Bryant* held that the "Plaintiff is inherently challenging the entry of default against him . . . . The *Rooker-Feldman* doctrine specifically bars this Court from [reviewing state court judgments]." *Id.* at 1208.

Here, like the plaintiffs in *Bryant* and *Williams*, Plaintiff asks the Court to review whether he was properly served in state court. *See* Dkt. No. 28 at ¶ 66; *see generally Bryant,* 681 F. Supp. 2d at 1206; *Williams*, 2010 WL 2889656 at *1. The King County Superior Court, in issuing its default judgment, necessarily found that Plaintiff was properly served. *See* Dkt. No. 29 at 3. Under the *Rooker-Feldman* doctrine, this Court is precluded from reviewing that judgment. "If Plaintiff believes he has been wronged by the actions of the state court, he must turn to the state for remedy." *Bryant*, 681 F. Supp. 2d at 1208. Thus, Plaintiff has failed to state a claim under the WCPA as it pertains to allegations of insufficient service of process and invalid default judgment under the *Rooker-Feldman* doctrine.

b. *Improper Disposal of Plaintiff's Property*

Plaintiff also claims that Gleiberman Properties violated the WCPA by improperly disposing of his property. Dkt. No. 28 at ¶¶ 65–66. A claim for improper disposal of property arises under provisions of the RLTA. *See* WASH. REV. CODE § 59.18.312. According to Plaintiff,

such a violation constitutes an unfair practice under the WCPA but this sequence cannot follow given the Supreme Court of Washington's decision in *State v. Schwab*, 545, 693 P.2d 108, 110 (Wash. 1985) (en banc). In *Schwab*, the Washington Supreme Court held that "[r]esidential landlord-tenant problems are within the express purview of the Residential Landlord-Tenant Act of 1973, RCW [§] 59.18, and [the court] perceive[s] the legislature's intent to clearly be that violations of that act do not also constitute violations of the Consumer Protection Act, RCW [§] 19.86." *Schwab*, 693 P.2d at 110. Since the Court concludes that Plaintiff's claim falls under the purview of RLTA as it pertains to disposal of his property, *see infra* at 13–14, the Court concludes that Plaintiff is precluded from asserting the same claims under the WCPA.

Based on the foregoing, the Court concludes that Plaintiff has failed to state a claim under the WCPA and will grant Gleiberman Properties' motion to dismiss that claim.

   2. *Trespass and Conversion*

Gleiberman Properties seeks to dismiss Plaintiff's tort claims for trespass and conversion. *See* Dkt. No. 35 at 6–7. Plaintiff contends that Gleiberman Properties committed trespass by entering his apartment without permission or legal authority. Dkt. No. 28 at ¶ 88. Gleiberman Properties counters it had every right to enter the unit pursuant to the writ of restitution executed by the King County Sheriff. Dkt. No. 35 at 7.

One is liable for trespass "if he intentionally . . . enters land in the possession of the other." *Bradley v. Am. Smelting & Ref. Co.*, 709 P.2d 782, 785 (Wash. 1985) (en banc) (quoting Restatement (Second) of Torts § 158 (1965)). However, "[o]wnership, together with a right of possession, is a defense to liability for a trespass." *Thomsen v. State*, 422 P.2d 824, 827 (Wash. 1966) (quoting 52 Am. Jur. 2d § 38 (1944)). Thus, to survive a motion to dismiss, Plaintiff must

allege facts showing that Gleiberman Properties had no right of possession to the apartment when Gleiberman Properties entered the apartment.

Plaintiff concedes that Gleiberman Properties' entry into his apartment was pursuant to a default judgment and writ of restitution. Dkt. No. 28 at ¶¶ 15–16. Plaintiff only argues that the default judgment was invalid due to insufficient service of process. *See id.* at ¶ 88. As established above, the Court will not review the validity of the default judgment issued by King County Superior Court. *See supra* at 10–11. Since the default judgement by the King County Court granted Gleiberman Properties legal possession of the apartment, Plaintiff has failed to state a cause of action against Gleiberman Properties for trespass. *See Excelsior Mortg. Equity Fund II, LLC v. Schroeder*, 287 P.3d 21, 24 n.3 (Wash. Ct. App. 2012).

Plaintiff also claims that Gleiberman Properties' removal and subsequent disposal of his personal property from the apartment constitutes conversion. Dkt. No. 28 at ¶ 92. "A conversion is the act of willfully interfering with any chattel, without lawful justification, whereby any person entitled thereto is deprived of the possession of it." *Pub. Util. Dist. No. 1 of Lewis Cty. v. Washington Pub. Power Supply Sys.*, 705 P.2d 1195, 1211 (Wash. 1985) (en banc). As the Court just noted, Gleiberman Properties was authorized by the default judgment and writ of restitution to remove and dispose of Plaintiff's property from his unit. Because Gleiberman Properties had lawful justification to dispose of Plaintiff's property, Plaintiff has failed to state a cause of action for conversion. Accordingly, the Court will grant Gleiberman Properties' Motion to Dismiss the trespass and conversion claims.

3. <u>Residential Landlord-Tenant Act</u>

Finally, Gleiberman Properties seeks dismissal of Plaintiff's RLTA claim. *See* Dkt. No. 35 at 7–8. While a landlord has the right to enter the premises and take possession of the tenant's

property pursuant to a writ of restitution, that right is not without limits. *See Parker v. Taylor*, 150 P.3d 127, 129 (Wash. Ct. App. 2007). The RLTA "creates a landlord duty to 'store the property in any reasonably secure place' unless a tenant objection is lodged 'to the storage of the property.'" *Id.* (quoting WASH. REV. CODE § 59.18.312(1)).

Gleiberman Properties argues that dismissal is appropriate because it fully complied with the terms of the RLTA when removing Plaintiff's property and because Plaintiff received notice from the King County Sheriff's Office regarding the removal of his property. Dkt. No. 35 at 7–8. Plaintiff, however, argues that Gleiberman Properties violated Sections (1) and (3) of RCW § 59.18.312. Dkt. No. 28 at ¶¶ 17(2)–(5).

Based on Plaintiff's Amended Complaint, and viewed in the light most favorable to Plaintiff, the Court concludes that questions remain over whether Gleiberman Properties' parking lot was reasonably secure under Section (1) and whether the time Gleiberman Properties provided Plaintiff in which to pick up his property prior to disposal under Section (3) complied with the statutory requirements. It appears that this issue requires a fuller record than that presented to the Court on this motion, therefore the Court will deny Gleiberman Properties' Motion to Dismiss as to the RLTA.

**C. Attorney Defendants Redford and Weatherstone's Motion to Dismiss**

After dismissal of claims against Defendant Novack, *see supra* at 7, the remaining Attorney Defendants argue that dismissal of all the claims in which they are named is appropriate as they were "disclosed agents of a disclosed principal," and that the law firm "is ready[,] willing[,] and able to respond for the individual defendants as to all allegations made which form the basis for this lawsuit." Dkt. No. 32 at 2–3, 8–10. In their reply in support of the Motion to Dismiss, however, the Attorney Defendants concede that Plaintiff may sue "*either* the agent or the principal or *both*."

14

Dkt. No. 41 at 2 (emphasis in original). According to the Attorney Defendants, the Court should grant dismissal because their acts are "indistinguishable" from those of the law firm and, as "disclosed agents of a disclosed principal," "Plaintiff suffers no prejudice if the court dismisses the individual defendants." *Id.* at 2–3.

Plaintiff opposes dismissal arguing that the Attorney Defendants are also personally liable for the actions they took on behalf of the law firm. Dkt. No. 39 at 5–7. He argues that because they represented Gleiberman Properties in the Superior Court eviction proceedings such that their names appeared on the signature block of legal pleadings, they are liable under the WCAA, WCPA, FDCPA, and state tort law claims along with their employer. Dkt. No. 28 at ¶ 13.

Upon examination of the causes of action in which the Attorney Defendants are named, the Court finds unsustainable their arguments that they should be dismissed because the firm would be a sufficient defendant. However, the Court may dismiss any claim *sua sponte* under FRCP 12(b)(6) for which Plaintiff "cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). Thus, while the Attorney Defendants have not moved for dismissal on any other grounds, several of Plaintiff's claims against them are resolved by the Court's rulings on Gleiberman Properties' motions *supra*.

1. <u>WCAA as a per se violation of the WCPA</u>

In Claim I, Plaintiff alleges that the Attorney Defendants are liable for *per se* violations of the WCPA because they violated the WCAA. Dkt. No. 28 at ¶¶ 35–57. A violation of the WCAA is a *per se* violation of the WCPA. *See* WASH. REV. CODE § 19.16.440; *see also Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 897 (Wash. 2009) (en banc) ("When a violation of debt collection regulations occurs, it constitutes a per se violation of the [W]CPA . . . ."). The WCAA regulates the actions of collection agencies, *see* WASH. REV. CODE. § 19.16 *et seq.*, and requires those acting

as a collection agency (or out-of-state collection agency) to obtain a license, WASH. REV. CODE. § 19.16.110.  Licensed collection agencies are then prohibited from certain practices.  *See* WASH. REV. CODE. § 19.16.250.  Plaintiff alleges that both Puckett & Redford and the Attorney Defendants acted as an unlicensed collection agency and that their conduct in (1) obtaining a default judgment without proper service and (2) improperly disposing of Plaintiff's property violated RCW § 19.16.250(16) and (21).  Dkt. No. 28 at ¶¶ 35–57.

The WCAA's definition of "collection agency" clearly contemplates individual liability.  *See* WASH. REV. CODE. § 19.16.100(4)(a)–(c) ("[a]ny person . . .").  The statute also contemplates liability for attorneys.  Courts in this District have consistently held that "[t]he WCAA does not exempt attorneys attempting to collect a debt owed to a third party." *Paris v. Steinberg & Steinberg*, 828 F. Supp. 2d 1212, 1220 (W.D. Wash. 2011); *see also Mandelas v. Gordon*, 785 F. Supp. 2d 951, 960 (W.D. Wash. 2011) ("[L]awyers are not categorically excluded from regulation as 'collection agencies' under the WCAA.").  However, the WCAA exempts from liability "[a]ny individual collecting or attempting to collect claims for not more than one employer, if all the collection efforts are carried on in the name of the employer and if the individual is an employee of the employer."  WASH. REV. CODE. § 19.16.100(5)(b).  Based on this provision, the Court concludes that the Attorney Defendants cannot be held liable under the WCAA as employees of Puckett & Redford and will grant their motion as to this claim.

    2.  <u>WCPA Unfair Practices</u>

The Washington Supreme Court has found individual defendants and their employers jointly liable for WCPA violations.  *State v. Ralph Williams' Nw. Chrysler Plymouth, Inc.*, 553 P.2d 423, 437 (Wash. 1976) ("[C]lear statutory directive of RCW [§] 19.86.140 . . . states that '*(e)very person* who violates RCW [§] 19.86.020 shall forfeit and pay a civil penalty . . .'")

(emphasis added). Lawyers are not exempt from liability under the WCPA. *See Short v. Demopolis*, 691 P.2d 163, 168 (Wash. 1984) (en banc); *see also Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 899 n.14 (Wash. 2009) (en banc). Thus, the Attorney Defendants' lack of individual liability argument is unavailing as to the WCPA claims.

The Court, however, has already dismissed this same claim against Gleiberman Properties where the allegations against Gleiberman Properties were the same as those made against the Attorney Defendants. *See supra* at 9–12. As with Gleiberman Properties, Plaintiff claims that the Attorney Defendants violated the WCPA by obtaining a default judgment without proper service and by assisting Gleiberman Properties in improperly disposing of Plaintiff's property. Dkt. No. 28 at ¶ 66. Plaintiff, however, cannot maintain a cause of action against the Attorney Defendants under the WCPA on these grounds. As explained *supra*, Plaintiff cannot advance a WCPA claim premised on improper service because, as the Court has ruled, it will not review the Superior Court's default judgment in adherence to the *Rooker-Feldman* doctrine. *See supra* at 9–11. Additionally, Plaintiff cannot maintain a WCPA claim premised on improper disposal of Plaintiff's property because such claims are subsumed by RLTA. *See supra* at 11–12. Thus, the Court will dismiss Claim II against the remaining Attorney Defendants.

  3. <u>FDCPA</u>

While the Ninth Circuit has not yet decided whether an individual employee of a debt collecting corporation may be held personally liable as a "debt collector" under the FDCPA, the Sixth Circuit and a majority of District Courts within the Ninth Circuit have concluded that individual employees of a debt collecting corporation can be held personally liable under the

FDCPA without piercing the corporate veil, and the Court is persuaded by their holdings.[8]  *See Kistner v. Law Offices of Michael P. Margelefsky*, LLC, 518 F.3d 433, 437–38 (6th Cir. 2008); *Moritz v. Daniel N. Gordon, P.C.*, 895 F. Supp. 2d 1097, 1109 (W.D. Wash. 2012); *Smyth v. Merch. Credit Corp.*, No. 11-cv-1879, 2012 WL 588744, at *3 (W.D. Wash. Feb. 22, 2012); *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1071 (E.D. Cal. 2008).  Since, the Attorney Defendants have not provided any other grounds for dismissing this claim, their motion to dismiss will be denied.

    4. *Trespass and Conversion*

Finally, a plaintiff's right to join both an employer and employee as defendants is well established in Washington common law tort actions.  *See Orwick v. Fox*, 828 P.2d 12, 18 (Wash. Ct. App. 1992) (citing *James v. Ellis*, 269 P.2d 573, 577 (Wash. 1954) ("[a]n employer and its employees are jointly and severally liable for the negligent acts of the employee in the scope of employment, and one damaged by such acts can sue both the employer and the employee or either separately")).  Thus, the Attorney Defendants' argument is totally without merit.  However, the Court's examination will not stop there.

Plaintiff alleges the Attorney Defendants are liable for trespass and conversion by assisting Gleiberman Properties in entering his apartment and taking possession of his property.  Dkt. No. 28. at ¶¶ 88, 92.  As with Gleiberman Properties, however, Plaintiff cannot advance a cause of action for trespass and conversion against the Attorney Defendants.  As held *supra*, Gleiberman Properties cannot be liable for trespass and conversion because the Superior Court's default

---

[8] The Court recognizes that there is a Circuit split on this issue, the Seventh Circuit having decided differently.  *See Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009) (collecting cases); *see also Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1059–60 (7th Cir.2000); *White v. Goodman*, 200 F.3d 1016, 1018 (7th Cir.2000) (Posner, J.).

judgment is unreviewable under the *Rooker-Feldman* doctrine.  As such, the remaining Attorney Defendants cannot be derivatively liable for such claims.  The Court will, therefore, *sua sponte* dismiss Claims IV and VI against the Attorney Defendants.

## V. CONCLUSION

The Court rules as follows:

I. Defendant Novack's Motion to Dismiss as to all claims is GRANTED without prejudice;

II. Attorney Defendants Redford and Weatherstone's Motion to Dismiss is GRANTED as to Claims I, II, IV, and VI and DENIED as to Claim III.

III. Gleiberman Properties' Motion to Dismiss is GRANTED as to Claims II, IV, and VI and DENIED as to Claim VII.

FURTHER, The Court ORDERS the parties to conduct mediation to resolve these remaining claims.  The Parties shall provide the Court with a joint status report on the progress of mediation no later than August 21st, 2020.

DATED this 3rd day of August, 2020.

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT